# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 92 C 97 | **DATE** | 5/16/2003 |
| **CASE TITLE** | Safe Bed Technologies Company vs. KCI USA, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion to strike KCI's third affirmative defense of inequitable conduct [43-1] is denied, but the court strikes the words "patents owned," "such as," and "other material prior art" from the third affirmative defense. Plaintiff's motion to strike KCI's fifth affirmative defense of unclean hands [43-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 0 2003 date docketed | 66 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | FILED FOR DOCKETING 03 MAY 16 PM 4:23 | 5/16/2003 date mailed notice | |
| | IS | courtroom deputy's initials | | |
| | | | Date/time received in central Clerk's Office | IS mailing deputy initials |



| | | |
|---|---|---|
| SAFE BED TECHNOLOGIES COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 0097 |
| | ) | |
| v. | ) | Judge Charles R. Norgle |
| | ) | |
| KCI USA, INC., LOYOLA UNIVERSITY | ) | Magistrate Judge |
| HEALTH SYSTEM, RUSH SYSTEM | ) | Martin C. Ashman |
| FOR HEALTH, SWEDISH COVENANT | ) | |
| HOSPITAL and SHERMAN HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This case comes before the Court on Plaintiff Safe Bed Technologies Company's ("Safe Bed") motion to strike Defendants KCI USA Inc., Loyola University Health System, Rush System for Health, Swedish Covenant Hospital and Sherman Hospital's (collectively referred to as "KCI") affirmative defense of inequitable conduct, and motion to strike KCI's affirmative defense of unclean hands, pursuant to Federal Rules of Civil Procedure 9(b) and 12(f). For the reasons set forth below, the Court denies the motion to strike the entire affirmative defense of inequitable conduct but strikes certain language including "patents owned," "such as," and "other material prior art" from the third affirmative defense. The Court grants the motion to strike the affirmative defense of unclean hands.

## II. Background

On January 4, 2002, Safe Bed filed this action against KCI for patent infringement, asserting that KCI had, without Safe Bed's authorization, manufactured, used, leased and/or sold certain products that infringed Safe Bed's U.S. Patent 4,998,939 (the "'939 patent"). On February 12, 2002, KCI answered Safe Bed's complaint, asserted nine affirmative defenses, and filed a counterclaim. Later, Safe Bed moved to strike two of the affirmative defenses, and KCI asked for and was granted leave to amend its answer, affirmative defenses, and counterclaim. KCI filed its amended answer, affirmative defenses, and counterclaim on December 4, 2002. This motion to strike the third and fifth affirmative defenses followed. The facts, which we must take as true for purposes of this motion, are taken from Defendants' affirmative defenses.

James Potthast and Thomas Ring are patent attorneys and members of the Illinois bar. Potthast and Ring represented RWM Enterprises, Inc. ("RWM") from approximately 1982 through 1992, and drafted eight different patents relating to therapeutic hospital beds during this period. Potthast and Ring had no education or experience relating to therapeutic hospital bed technology prior to their representation of RWM. However, through their representation of RWM, Potthast and Ring learned sensitive and confidential business information in the therapeutic hospital bed area. Potthast and Ring also sat in on sessions with RWM where possible new inventions were discussed.

KCI alleges that Potthast and Ring used this confidential information in a deceitful and unethical manner to divest RWM of its intellectual property, including the invention contained in the '939 patent. KCI also alleges that Potthast and Ring failed to disclose material prior art to the U.S. Patent and Trademark Office ("PTO"), including U.S. Patent 4,769,584, and several

commercially available therapeutic beds such as Roto Rest, PulmonAir, and Paragon Turn and Tilt. KCI further alleges that this withholding of material information was done intentionally, and constitutes an affirmative misrepresentation of material fact.

### III. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Motions to strike an affirmative defense are treated under the same legal standard as motions to dismiss under Rule 12(b)(6). *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). The court will strike an affirmative defense as legally insufficient if the plaintiff shows that the defendant could not possibly prove a set of facts under the affirmative defense that would defeat the complaint. *Id.* When considering a motion to strike, the court must take all well-pleaded facts as true, and must view all allegations in the light most favorable to the non-moving party. *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *3 (N.D. Ill. Mar. 31, 2003).

Motions to strike under Rule 12(f) are generally not favored, and are usually denied unless the pleading's language is clearly prejudicial. *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) (citations omitted).

## IV. Discussion

### A. Defendants' Third Affirmative Defense, Inequitable Conduct

Federal Rule of Civil Procedure 9(b) is applicable to claims of inequitable conduct. *Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 95 C 7016, 1997 WL 124259, at *5 (N.D. Ill. Mar. 17, 1997); *Systemation, Inc. v. Engel Indus., Inc.*, 183 F.R.D. 49, 51 (D. Mass. 1998) (collecting cases). Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Public policy dictates that inequitable conduct be pled with the particularity required by Rule 9(b), as "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).

Rule 9(b) requires a high level of particularity, and this level has only partially been met by KCI's pleadings. For inequitable conduct to be adequately pled under Rule 9(b), a party must allege the "who, what, when and where" of the conduct, along with a general allegation of intent to deceive the PTO. *Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998). KCI alleges who (Safe Bed and the inventors of the '939 patent), what (failure to disclose U.S. Patent No. 4,769,584 and several material commercially available hospital beds), when (during the prosecution of the '939 patent), and where (before the U.S. PTO). KCI also included a general allegation of intent to withhold material information in order to mislead the PTO, in accordance with the requirements of Rule 9(b). *See Sun-Flex Co. v. Softview Computer Prods. Corp.*, 750 F. Supp. 962, 963 (N.D. Ill. 1990) (holding that general allegation of intent is sufficient to survive motion to strike); *DataQuill Ltd. v. Handspring, Inc.*, 60 U.S.P.Q.2d 1920,

- 4 -

1922 (N.D. Ill. 2001) (holding that Rule 9(b) does not require specificity with regard to allegations of knowledge and intent).

Safe Bed's argument that KCI failed to allege what prior art was not disclosed to the patent office is not persuasive. Safe Bed argues that by using the language "patents owned . . . including U.S. Patent 4,769,584 . . . . [and] commercially available therapeutic hospital beds, such as Roto Rest, PulmonAir, [and] Paragon Turn and Tilt," KCI has failed to specify with adequate particularity what prior art has been withheld. However, KCI has identified U.S. Patent 4,769,584, along with commercially available therapeutic hospital beds. Because KCI has specified the prior art as being material prior art intentionally withheld from the patent office, it has satisfied the Rule 9(b) requirement of particularity. *See Videojet Sys. v. Eagle Inks*, 14 F. Supp. 2d at 1049 (motion to strike inequitable conduct defense denied where defendant named two patents by number); *DataQuill*, 60 U.S.P.Q.2d at 1922 (denying motion to strike where defendant named by product name two types of prior art the plaintiff had allegedly failed to disclose). When determining whether a claim meets the particularity requirement of Rule 9(b), it is important to note that Rule 9 pleadings remain subject to the "short and plain statement" standard of Rule 8. *TruePosition, Inc. v. Allen Telecom, Inc.*, No. C.A. 01-823, 2003 WL 151227, at *5 (D. Del. Jan. 21, 2003).

Nevertheless, certain words used by KCI are too vague to reasonably inform Safe Bed of what it is being accused. A case from this district illustrates the difference. In *Videojet System International, Inc. v. Inkjet, Inc.*, the defendant alleged that the plaintiff had failed to disclose material information to the PTO including "at least" a certain ink formulation, a brochure relating to that ink formulation, and a patent application. 1997 WL 124259, at *4-5. The court granted

the plaintiff's motion to strike the language "at least" because such language did not specifically allege the content of the omissions. *Id.* at *5. Similarly, KCI's use of the language "patents owned" (except for the 4,769,584 patent), "such as" (except for the commercially available named beds), and "other material prior art" fail to meet the pleading requirements of Rule 9(b). Such language is hereby stricken.

Safe Bed also argues that KCI's inequitable conduct defense does not meet the particularity requirement of Rule 9(b) because KCI fails to identify how or why the prior art would have been material to the examination of the '939 patent. To support this proposition, Safe Bed relies on *Energy Absorption Systems, Inc. v. Roadway Safety Service Inc.*, No. 93 C 2147, 1993 WL 389014 (N.D. Ill. Sept. 16, 1993). In *Energy Absorption*, the defendant's amended affirmative defense of inequitable conduct stated, in part, that the "plaintiff failed to disclose [a patent to the PTO] with knowledge of the materiality thereof. . . ." *Id.* at *1. The court granted the plaintiff's motion to strike this defense because the defendant failed to "indicate why or how [plaintiff's] alleged omission was material." *Id.* at *2. However, this holding is in contrast with more recent case law and this Court finds that the affirmative defense in the instant case meets the pleading requirement of Rule 9(b).

First, the holding in *Energy Absorption* is not compelled by the case it relies on heavily, *Sun-Flex*. While the court in *Sun-Flex* granted the plaintiff's motion to strike because the defendant's affirmative defense of inequitable conduct did "not identify the precise content of the alleged fraudulent representations and omissions," the defendant had failed to specify *any* particular prior art that had been omitted, instead making the broad claim of omission of "material facts including prior art, prior inventions and patent application(s)." 750 F. Supp. at

963. Additionally, in *Energy Absorption*, the court had already given the defendant the opportunity to amend its inequitable conduct affirmative defense, and warned it to be more particular. 1993 WL 389014, at *2.

More recent cases have held that pleadings that disclose the name of the allegedly withheld prior art (especially by patent number or product name) and the alleged acts of fraud are enough to let the plaintiff know precisely what is being alleged with respect to materiality. *See e.g. TruePosition*, 2003 WL 151227, at *5. The court does not need to weigh the materiality of the prior art for purposes of a motion to strike. *Id.* In *Videojet Systems International, Inc. v. Inkjet, Inc.*, the defendant's pleading was found to be sufficient with only a general allegation that "the undisclosed [prior art] is material" when the specific prior art was cited. 1997 WL 124259, at *5. Had KCI completely failed to allege any specific omitted prior art, we might come to a different conclusion, but, we will allow this affirmative defense to stand except for the certain words discussed above. *See e.g. Sun-Flex*, 750 F. Supp. at 963; *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1996 WL 680243, at *2 (N.D. Ill. 1996) ("Nowhere in Defendants' answers does this Court find any allegations which demonstrate that the inequitable conduct defense was ever pled, much less pled with any specificity.")

Because KCI has pled time, place, and omitted prior art with adequate specificity, and has generally averred scienter, we find that the affirmative defense of inequitable conduct satisfies the pleading requirements of Rule 9(b) except for the words specified above. Therefore, Safe Bed's motion to strike the third affirmative defense, inequitable conduct, is denied but the words "patents owned," "such as," and "other material prior art" are stricken.

## B.     Defendant's Fifth Affirmative Defense, Unclean Hands

In its fifth affirmative defense, KCI alleges that Thomas Ring (now the President of Safe Bed) and James Potthast stole confidential information from RWM and used it to obtain the patent it now seeks to enforce against KCI in this suit. To make matters worse, KCI alleges that Potthast and Ring are attorneys who formerly represented RWM. In order for the Court to grant Safe Bed's motion to strike the affirmative defense of unclean hands, Safe Bed must show that any facts pled by KCI, taken as true, are insufficient to defeat Safe Bed's complaint. *See Bobbit*, 532 F. Supp. at 737. Safe Bed has met this burden.

Unclean hands is not a valid defense when the conduct in question is the misappropriation of the invention from a third party because the alleged misconduct dirtying the hands of the plaintiff must occur in the context of the present lawsuit. *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1565 (Fed. Cir. 1996). Specifically, the alleged misconduct must be directed against the defendant and must be directly related to the transaction at issue. *Hansen v. Harding*, No. 89 C 5710, 1989 WL 153563, at *1 (N.D. Ill. Nov. 8, 1989) (evidence of plaintiff's earlier alleged fraud was inadmissible to show unclean hands because it was not directed at defendant or directly related to defendant's asserted wrongdoing in the present action); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99 C 1174, 2001 WL 747422, at *2 (N.D. Ill. June 29, 2001).

Any misappropriation of RWM's inventions cannot be said to have been directed against KCI, or to have been in the context of this suit against KCI for infringement of Safe Bed's patents. KCI seeks a very broad reading of the doctrine of unclean hands, namely that "one seeking equitable relief cannot take advantage of his own wrong." *Polk Bros., Inc. v. Forest City*

*Enters., Inc.*, 776 F.2d 185, 193 (7th Cir. 1985) (quotations omitted). However, this formulation of the unclean hands doctrine must be read in conjunction with the requirement that the wrong taken advantage of must be directly related to the current suit.

KCI also relies on the Supreme Court decision in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, in which the Court applied the doctrine of unclean hands where the patent in question had been misappropriated. 324 U.S. 806, 820 (1945). Specifically, in the complicated facts of *Precision Instrument*, the plaintiff's employee (the defendant) had stolen plaintiff's information, started his own company, and applied for a patent. *Id.* at 808-09. The plaintiff had reason to believe the defendant had lied in this patent application to the PTO, but entered into an agreement with the defendant to obtain rights to the defendant's pending patent rather than revealing the defendant's conduct. *Id.* at 810-13. The Court found that the "history of the patents and contracts *in issue* is steeped in perjury and undisclosed knowledge of perjury." *Id.* at 816 (emphasis added). Clearly, the conduct that constituted unclean hands in *Precision* directly involved both parties in the suit. *Id.* at 814 ("while equity does not demand that its suitors shall have led blameless lives, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue") (internal quotations and citations omitted). This is in contrast to Safe Bed's alleged conduct, which was directed toward RWM, a party that is not in any way involved in this suit. Because Safe Bed's alleged conduct, if true, would not constitute unclean hands in the context of the instant lawsuit, KCI's unclean hands defense is insufficient.

Along with the allegations that Safe Bed misappropriated RWM's confidential information, KCI also alleges, through reference to paragraph twenty-five of its amended answer,

that Safe Bed knew of KCI's allegedly infringing activities in 1995 or 1996, but did nothing. Even if true, this conduct is more properly alleged, and in fact is alleged by KCI, as the affirmative defense of laches. Therefore, this portion of KCI's unclean hands defense is redundant with its fourth affirmative defense of laches. *See Nat'l Presto Indus., Inc. v. Black & Decker, Inc.*, 760 F. Supp. 699, 703 (N.D. Ill. 1991) (a redundant affirmative defense may be stricken).

Because the activities alleged in KCI's unclean hands defense were not directed at KCI, are not directly related to this suit, and are redundant with KCI's defense of laches, Safe Bed's motion to strike KCI's fifth affirmative defense is granted.

## V. Conclusion

For the reasons stated above, Safe Bed's motion to strike KCI's third affirmative defense of inequitable conduct is denied, but the Court strikes the words "patents owned," "such as," and "other material prior art" from the third affirmative defense. Safe Bed's motion to strike KCI's fifth affirmative defense of unclean hands is granted.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** May 16, 2003.

Copies have been mailed to:

| | |
|---|---|
| JAMES D. RYNDAK, Esq.<br>MARK K. SURI, Esq.<br>Ryndak & Suri<br>30 North LaSalle Street<br>Suite 2630<br>Chicago, IL  60602<br><br>ANTHONY C. VALIULIS, Esq.<br>JOHN H. WARD, Esq.<br>MARY K. DANNA, Esq.<br>Much Shelist Freed Denenberg<br> Ament & Rubenstein<br>200 North LaSalle Street<br>Suite 2100<br>Chicago, IL  60601<br><br>Attorneys for Plaintiff | RAYMOND P. NIRO, Esq.<br>SALLY WIGGINS, Esq.<br>DOUGLAS M. HALL, Esq.<br>FREDERICK C. LANEY, Esq.<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street<br>Suite 4600<br>Chicago, IL  60602<br><br><br><br><br><br><br><br>Attorneys for Defendants |